*217 OPINION of the Court, by
Ch. J. Boyle.
Majors being indicted for murder, in the Garrard circuit court, employed Bridges as his counsel, and together with his security executed an obligation to pay to Bridges sixty pounds, provided Bridges appeared as counsel for him, in the criminal prosecution then depending against him, and he, the said Majors, should be finally acquitted or discharged. Bridges assigned this obligation to Hickman, who brought suit thereon ; and after setting forth in his declaration the obligation as above stated, avers that Bridges appeared for said Majors as counsel in the prosecution then depending in the Garrard circuit court ; that a jury was empannelled and sworn for the trial of said Majors, who not agreeing in their verdict, and one of the jurors of the said jury having made default, the rest of the jurors, by order of the said court, were discharged from rendering their verdict, and he, the said Majors, by an order of the said court, cognized to appear at the next ensuing term, to bo put upon his trial upon said charge at which term *218 Re, the said Majors, having failed to appear, the record of his default was entered, and a scire facias awarded against the bail for his appearance, upon which such proceedings were had that at the —— term in the year 18 — • by an order of said court syiid recognizance was quashed ; and the plaintiff avers that he, the said Bridges, did, during the whole of the aforesaid proceedings against him, the said Majors, and the bail, appear as counsel tor him and the bail, and did contribute, in aid with other counsel of said Majors, in procuring his final discharge from the said prosecution, and was ready and willing to have appeared as counsel for him, the said Majors, had he appeared in discharge of his recognizance, and again been put upon his trial for his said offence. The plaintiff then proceeds to state the assignment of the obligation, and concludes the declaration with the usual averments.
That M advi-fed M to forfeit hiarecogr)iz»nce is a good plea lo the declaration..
After an office judgment, the defendant offered a plea, in substance alleging, that the said Bridges advised the iaid Majors not to appear in discharge of his recognizance, which was the reason he failed to appear, as in the declaration mentioned. There was no objection to the form of the plea or the time of its being offered, but the court being divided in opinion whether in substance it was a good plea to the action, it was rejected ; and final judgment being given for the plaintiff, the defendant appealed to this court.
The objections taken on the part of the appellant which are necessary to be noticed, arc — -1st, That the declaration is insufficient, in not shewing that Majors was finally acquitted or discharged ; and 2d, that the plea offered in the court below was a sufficient bar to the plaintiff’s action, and ought to have been received.
1st. With respect to the sufficiency of the declaration : That the final acquittal or discharge of Majors was a condition precedent, upon which the payment of the money in the obligati®n mentioned was to be made, is obvious; and it is a genera! rule, that wherever a right or interest is to commence upon a precedent act or condition, whether the precedent act or condition be* ⅛ the affirmative or negative, and whether it is to be performed by tbs plaintiff or defendant, or any other, the declaration must aver performance, or shew a sufficient excuse for the non performance. The declaratioa *219 in this case has not shewn that Majors was finally acquitted or discharged from the prosecution, but it has shewn his default to appear in pursuance of his recognizance, and the readiness of Bridges to have appeared for him as counsel, had he not made default. It is a general principle, that he who prevents a thing from being done, shall not avail himself of the nonperformance which he has occasioned — See Marshall vs. Craig (vol. 1, 379). The performance of a condition precedent is therefore excused by the absence of the party for whose benefit it was to be performed, in those cases where his presence is necessary for the performance of the condition,by his obstructing the performance, or by his neglecting to do the first act, if it be incumbent on him to perform it — See 1 Tid. Prac. 386-7. The presence of Majors was indispensably necessary to the performance of the precedent condition, asir» his absence he could not be legally tried and acquitted or discharged. His appearance therefore being a previous act incumbent on him to perform, his default excuses the nonperformance on the part of Bridges.
2d. With respect to the sufficiency of the plea : The plaintiff m the action not having shewn a performance of the precedent condition, but relying upon the excuse alleged for its nonperformance, it was only necessary for the defendant’s plea to meet that excuse, in order to bar the action; which we are of opinion is sufficiently done by the plea offered in the court below. Bridges having advised and consented to Majors’s failure to appear, ought not to be permitted to avail himself of the default which he has thus wrongfully been accessory to, no more than Maj ors could have availed himself of the nonperformance of the precedent condition to be performed on the part of Bridges, had he been the sole cause of preventing its performance.
Judgment reversed, and the cause'remanded to the circuit court, who are directed to receive the said plea, and that such other and further proceedings be had therein as may be agreeable to law and not inconsistent with the foregoing opinion, &c.